IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| GREATER MISSOURI MEDICAL <br> PRO-CARE PROVIDERS, INC. <br> 214 W. 5th Street, <br> Joplin, Missouri, 64801. <br><br>                 Plaintiff, <br><br> v. <br><br> THOMAS E. PEREZ, sued in his official capacity, <br> Secretary, <br> United States Department of Labor <br> 200 Constitution Ave., N.W. <br> Washington, D.C. 20210; <br><br> and <br><br> UNITED STATES DEPARTMENT OF LABOR <br> 200 Constitution Ave., N.W. <br> Washington, D.C. 20210; <br><br> and <br><br> ADMINISTRATOR, <br> United States Department of Labor <br> Employment Standards Administration <br> Wage and Hour Division <br> United States Department of Labor, <br> 200 Constitution Ave., N.W. <br> Washington, D.C. 20210; <br><br> and <br><br> WAGE AND HOUR DIVISION <br> United States Department of Labor <br> Employment Standards Administration <br> United States Department of Labor, <br> 200 Constitution Ave., N.W. <br> Washington, D.C. 20210; <br><br>                 Defendants. | **COMPLAINT** <br><br> Civil Action No. _____ |

# COMPLAINT

Plaintiff Greater Missouri Medical Pro-Care Providers ("Greater Missouri") brings this action under Section 702 of the Administrative Procedures Act, 5 U.S.C.A. § 702, seeking judicial review of a Final Decision and Order of the Administrative Review Board ("ARB") for the defendant Department of Labor, Wage and Hour Division ("DOL") issued on January 29, 2014, and states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Greater Missouri is a company incorporated and existing under the laws of the State of Missouri with its principal place of business at 214 W. 5th Street, Joplin, Missouri, 64801.

2. Defendant Thomas E. Perez, in his official capacity as the Secretary of the Department of Labor is a proper defendant to this action for review of the decision of the Department of Labor pursuant to 5 U.S.C.A. § 703.

3. Defendant Department of Labor is a proper defendant to this action for review of the decision of the Department of Labor pursuant to 5 U.S.C.A. § 703.

4. Defendant Administrator of the Wage and Hour Division of the Employment Standards Administration is a proper defendant to this action for review of the decision of the Department of Labor pursuant to 5 U.S.C.A. § 703.

5. Defendant Wage and Hour Division of the Employment Standards Administration is a proper defendant to this action for review of the decision of the Department of Labor pursuant to 5 U.S.C.A. § 703.

6. This action is an appeal of the a final decision and order of the ARB, therefore jurisdiction lies in the United States District Court pursuant to the Administrative Procedure Act, 5 U.S.C. § 704.

7. Venue is proper in the United States District Court for the Western District of Missouri, Southwestern Division, pursuant to 28 U.S.C.A. § 1391 and Local Rule 3.1(a)(3)(b).

## FACTUAL BACKGROUND

8. Greater Missouri provides physical and occupational therapists for hospitals, nursing homes, and other similar facilities.

9. Many of Greater Missouri's employees have come to the United States as part of the H-1B program.

10. On or about June 23, 2006, Alena Gay Arat, a non-immigrant therapist from the Philippines, submitted an H-1B complaint against Greater Missouri.

11. The Wage and Hour Division ("Wage and Hour") of the DOL investigated Greater Missouri solely on the basis of Ms. Arat's aggrieved party complaint.

12. After the investigation of Ms. Arat's aggrieved party complaint, the Administrator of Wage and Hour ("Administrator") issued a determination asserting that Greater Missouri had committed Labor Condition Application ("LCA") violations.

13. The violations asserted by the Administrator encompassed not just those set forth Ms. Arat's aggrieved party complaint but extended to other Greater Missouri employees, as well as violations well beyond the scope of Ms. Arat's complaint and outside the Administrator's twelve-month jurisdiction limit.

14. The Administrator ordered Greater Missouri to pay back wages in the amount of $382,889.87 to 45 H-1B employees.

15. Greater Missouri requested a hearing before a Department of Labor Administrative Law Judge ("ALJ"), after which, the ALJ issued a Decision and Order dated October 18, 2011, upholding many of the Administrator's determinations.

16. Greater Missouri appealed the ALJ's order to ARB, which issued a Final Decision and Order on January 29, 2014, which is attached hereto as <u>Exhibit 1</u>.

17. The ARB found that several violations alleged by the Administrator were untimely, but otherwise ordered Greater Missouri pay back wages in the amount of $123,230.08, exclusive of interest, costs, and attorneys' fees, to 24 H-1B employees.

## COUNT I
## DECLARATORY JUDGMENT

18. Greater Missouri incorporates by reference the allegations in all preceding paragraphs of this Complaint as if set forth herein.

19. The Administrator initiated an investigation into Greater Missouri based solely on the aggrieved party complaint filed by Ms. Arat.

20. The authority to investigate into an aggrieved party complaint is governed by 8 U.S.C.A. § 1182(n)(2)(A).

21. Ms. Arat's complaint did not allege an H-1B violations pertaining to anyone other than herself.

22. In the course of its investigation into Ms. Arat's aggrieved party complaint, the Administrator's investigator looked into matters pertaining to other employees.

23. The investigation into H-1B violations other than those related to Ms. Arat's aggrieved party complaint was not authorized under the aggrieved party investigatory provisions and the Administrator relied on no other authority for this investigation.

24. While the Administrator's authority to investigate is not limited to aggrieved party complaints, this authority, and its requirements and limits, are specifically set forth by statute and regulations. For example, the provisions of 8 U.S.C.A. §§ 1182(n)(2)(G)(ii)-(viii) and the Department of Labor's implementing regulations found at 20 C.F.R. § 655.807 provide for investigations based on "specific credible information" from a "reliable source.

25. Pursuant to the implementing regulations, an investigation under 8 U.S.C.A. § 1182(n)(2)(G)(ii) may not proceed absent notice to the employer of the alleged violations and an opportunity for the employer to respond.

26. Nor, pursuant to the implementing regulations, may an investigation under 8 U.S.C.A. § 1182(n)(G)(ii) proceed unless the Secretary of Labor certifies the existence of reasonable cause and approval of the investigation based on "specific credible evidence" from a "reliable source."

27. The Administrator expanded its investigation to encompass Greater Missouri H-1B employees other than Ms. Arat and issues outside Ms. Arat's aggrieved party complaint.

28. The Administrator failed to provide any such notice to Greater Missouri.

29. The Administrator never expressly determined as a matter of record that such notice would interfere with efforts to secure Greater Missouri's compliance.

30. The Secretary of Labor never certified the existence of reasonable cause to proceed with the investigation of Greater Missouri's H-1B employees based on the information uncovered during Wage and Hour's investigation of Ms. Arat's complaint.

31. The Administrator failed to comply with the requirements of an investigation based on "specific credible information" from a "reliable source."

32. The Administrator's expanded investigation into possible violations pertaining to Greater Missouri's H-1B employees other than Ms. Arat exceeded and/or did not comply with its statutory authority.

33. The Court should invalidate the ARB's Order because it is it is in excess of statutory authority, it is not in accordance with the law, it is unsupported by substantial evidence, and it is arbitrary, capricious, and an abuse of discretion..

34. Greater Missouri seeks a declaratory judgment that the DOL acted without authority in determining that Greater Missouri owed back pay for matters outside Arat's aggrieved party complaint including back pay to any H-1B employees other than Ms. Arat and Greater Missouri is, therefore, not obligated to pay back wages.

WHEREFORE, Plaintiff Greater Missouri Medical Pro-Care Providers, Inc., respectfully requests the Court enter an order pursuant to 28 U.S.C.A. § 2201 declaring the Department of Labor acted outside its statutory authority in determining Greater Missouri owes back pay for matters outside Ms. Arat's aggrieved matter complaint to the 23 individuals other than Ms. Arat and, therefore, Greater Missouri is not obligated to pay any such back wages. Greater Missouri further requests an award of its costs and such other relief as the court shall deem appropriate.

## COUNT II
## DECLARATORY JUDGMENT

35. Greater Missouri incorporates by reference the allegations in all preceding paragraphs of this Complaint as if set forth herein.

36. Pursuant to 8 U.S.C.A. 1182(n)(2)(A), the Administrator may not conduct an investigation on a complaint unless the complaint was filed not later than twelve months after the date of the failure alleged in the complaint.

37. Thus, the Administrator's investigation into potential violations was limited to those matters timely raised in the Ms. Arat's complaint.

38. To the extent that Ms. Arat's aggrieved party complaint stated that Greater Missouri failed to pay her (or anyone else) fornonproductive time, the aggrieved party complaint was submitted on or about June 23, 2006.The period covered by the investigation was June 23, 2005 to June 22, 2006.

39. The alleged failure to pay Ms. Arat for nonproductive time occurred between February 28, 2005 and April 30, 2005.

40. The violation alleged by Ms. Arat occurred before the relevant investigative period, thus, Ms. Arat was out of time to pursue any claims regarding pay for nonproductive status.

41. Ms. Arat's aggrieved party complaint did not state a timely claim for back pay for nonproductive status violations, thus the Administrator had no jurisdiction to investigate Ms. Arat's nonproductive status violation claim, whether for herself or any other Greater Missouri employee.

42. The Court should invalidate the ARB's Order because it is it is in excess of statutory authority, it is not in accordance with the law, it is unsupported by substantial evidence, and it is arbitrary, capricious, and an abuse of discretion..

WHEREFORE, Plaintiff Greater Missouri Medical Pro-Care Providers, Inc., respectfully requests the Court enter an order pursuant to 28 U.S.C.A. § 2201 declaring the Department of Labor acted outside its statutory authority in determining Greater Missouri owes back pay for nonproductive time to Ms Arat and others, and, therefore, Greater Missouri is not obligated to

pay any back wages for nonproductive time.  Greather Missouri further requests an award of its costs and such other relief as the court shall deem appropriate.

## COUNT III
## DECLARATORY JUDGMENT

43. Greater Missouri incorporates by reference the allegations in all preceding paragraphs of this Complaint as if set forth herein.

44. This action was begun in 2006 based on a single individual's complaint.

45. The Administrator improperly expanded that single complaint into an unlimited investigation of the entire company spanning two years.

46. The Administrator's investigation was characterized by significant delays and improper withholding of information occasioned by the Department of Labor.

47. As a result, this matter has been pending before the Administrator, ALJ, and ARB for more than seven years.

48. Nevertheless, the ALJ awarded, and the ARB affirmed, an award of prejudgment and post-judgment interest.

49. The Court should invalidate the ARB's Order because it is unsupported by substantial evidence, is arbitrary, capricious, and an abuse of discretion, and it is in excess of statutory authority not in accordance with the law.

50. Such award of interest, occasioned by the Department of Labor's dilatory conduct, is excessive and inequitable, and violated Greater Missouri's due process rights.

WHEREFORE, Plaintiff Greater Missouri Medical Pro-Care Providers, Inc., respectfully requests the Court enter an order pursuant to 28 U.S.C.A. § 2201 declaring the award of prejudgment and post-judgment excessive, inequitable, and in violation of Greater Missouri's due process rights, and therefore, Greater Missouri is not obligated to pay any prejudgment or

post-judgment interest. Alternately, Greater Missouri requests the Court equitably reduce the time period for which Greater Missouri is liable for prejudgment and post-judgment interest, Greater Missouri further requests an award of its costs and such other relief as the court shall deem appropriate.

Dated: March 5, 2014.

                Respectfully submitted,

                **SCHARNHORST AST KENNARD GRIFFIN, PC**

                */s/ Brent N. Coverdale*
                Brent N. Coverdale    MO # 50696
                Michele F. Sutton    MO # 57942
                1100 Walnut, Suite 1950
                Kansas City, Missouri 64106
                Telephone: (816) 268-9400
                Facsimile: (816) 268-9409
                E-mail: bcoverdale@sakg.com
                        msutton@sakg.com